# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

vs.

CORTEZ RIGGINS,

     Defendant.

No. 21-cr-58-CJW

**REPORT AND RECOMMENDATION**

_____

On January 4, 2022, the above-named defendant appeared before the undersigned United States Magistrate Judge by consent and, pursuant to Federal Rule of Criminal Procedure 11, pleaded guilty to Count 1 of the Indictment, Robbery Affecting Interstate Commerce, in violation of 18 U.S.C. Sections 2 and 1951. After cautioning and examining Defendant under oath concerning each of the subjects mentioned in Rule 11, I determined that Defendant's decision to plead guilty was knowing and voluntary, and the offense charged was supported by an independent basis in fact containing each of the essential elements of the offense. I therefore **RECOMMEND that the Court ACCEPT Defendant's guilty plea and adjudge Defendant guilty.**

At the commencement of the Rule 11 proceeding, I placed Defendant under oath and explained that if Defendant answered any question falsely, the Government could prosecute Defendant for perjury or for making a false statement. I also advised Defendant that in any such prosecution, the Government could use against Defendant any statements made under oath.

I then asked Defendant a number of questions to ensure Defendant had the requisite mental capacity to enter a plea. I elicited Defendant's full name, age, and extent of education. I also inquired into Defendant's history of mental illness; use of illegal and/or prescription drugs; and use of alcohol. From this inquiry, I determined Defendant was not suffering from any mental disability that would impair Defendant's ability to make a knowing, intelligent, and voluntary guilty plea.

Defendant acknowledged receipt of a copy of the Indictment and further acknowledged that Defendant had fully discussed the Indictment with Defendant's counsel. Defendant acknowledged that Defendant had fully conferred with Defendant's counsel prior to deciding to plead guilty and that Defendant was satisfied with counsel's services.

I fully advised Defendant of all the rights Defendant would be giving up if Defendant decided to plead guilty, including the following:

1. The right to assistance of counsel at every stage of the case;

2. The right to a speedy, public trial;

3. The right to have the case tried by a jury selected from a cross-section of the community;

4. That Defendant would be presumed innocent, and would be found not guilty unless the Government could prove each and every element of the offense beyond a reasonable doubt;

5. That Defendant would have the right to see and hear all of the Government's witnesses, and Defendant's attorney would have the right to cross-examine any witnesses called by the Government;

6. That Defendant would have the right to subpoena witnesses to testify at the trial, and if Defendant could not afford to pay the costs of bringing these witnesses to court, then the government would pay those costs;

2

7.      That Defendant would have the privilege against self-incrimination: i.e., Defendant could choose to testify at trial, but need not do so; if Defendant chose not to testify, then the Court would instruct the jury that it could not draw any adverse inference from Defendant's decision not to testify; and

8.      That any verdict by the jury would have to be unanimous.

I explained that if Defendant pleaded guilty, Defendant would be giving up all of these rights, there would be no trial, and Defendant would be adjudged guilty just as if Defendant had gone to trial and a jury returned a guilty verdict against Defendant.

- **Plea Agreement**

I determined that Defendant was pleading guilty pursuant to the Second Memorandum of a Proposed Plea Agreement between the United States Attorney's Office and Defendant ("the plea agreement"). After confirming that a copy of the written plea agreement was in front of Defendant and Defendant's counsel, I determined that Defendant understood the terms of the plea agreement. I summarized the plea agreement, and made certain Defendant understood its terms.

- **Dismissal of Charge**

I explained that the plea agreement provides for dismissal of Count 2 of the Indictment if Defendant pleads guilty to Count 1 of the Indictment, and that a district judge will decide whether or not to accept the sentencing agreement. If the district judge decides to reject the sentencing agreement, then Defendant will have an opportunity to withdraw the guilty plea and instead plead not guilty.

- **Elements of Crime and Factual Basis**

I summarized the charges against Defendant and listed the elements of the crime charged. I determined that Defendant understood each and every element of the crime, and Defendant's counsel confirmed that Defendant understood each and every element of the crime charged. For the offense to which Defendant was pleading guilty, I elicited a

full and complete factual basis for all elements of the crime charged in the Indictment. Defendant's attorney indicated that the offense to which Defendant was pleading guilty was factually supported.

- **Sentencing**

I explained to Defendant that the district judge will determine the appropriate sentence at the sentencing hearing. I explained that the Court will use the advisory United States Sentencing Guidelines to calculate Defendant's sentence. I explained that the sentence imposed might be different from what the advisory guidelines suggest it should be and may be different from what Defendant's attorney had estimated.

I explained that a probation officer will prepare a written presentence investigation report and that Defendant and Defendant's counsel will have an opportunity to read the presentence report before the sentencing hearing and will have the opportunity to object to the contents of the report. I further explained that Defendant and Defendant's counsel will be afforded the opportunity to present evidence and be heard at the sentencing hearing.

I advised Defendant of the consequences of the guilty plea, including the maximum term of imprisonment, the maximum term of supervised release, and the maximum fine. Specifically, I advised Defendant that **Count 1** of the Indictment is punishable by the following maximum penalties: (1) **not more than twenty years in prison** without the possibility of parole; (2) a period of supervised release following prison of **up to three years**; and (3) a fine of not more than **$250,000**.

I explained that the Court will impose conditions of supervised release, and that if Defendant violates a condition of supervised release, then the Court could revoke Defendant's supervised release and require Defendant to serve all or part of the term of supervised release in prison, without credit for time previously served on supervised release. I advised Defendant that regardless of the sentence imposed, there would be no

possibility of parole. I also advised Defendant that the Court will impose a mandatory special assessment of **$100.00**, which Defendant must pay, and that **Defendant will be required to pay restitution.** I advised Defendant of the collateral consequences of pleading guilty. Defendant acknowledged understanding all of the above consequences.

- **Waiver of Appeal**

I explained that Defendant has waived his right to appeal, except under the limited circumstances set forth in paragraph 38 of the plea agreement. The Government retains its right to appeal the sentence in this case.

Defendant confirmed that the decision to plead guilty was voluntary; was not the result of any promises; and was not the result of anyone threatening, forcing, or pressuring Defendant to plead guilty. I explained that after the district judge accepts Defendant's guilty plea, Defendant will have no right to withdraw the plea at a later date, even if the sentence imposed is different from what Defendant anticipated.

Defendant confirmed that Defendant still wished to plead guilty, and Defendant pleaded guilty to Count 1 of the Indictment.

I find the following with respect to the guilty plea:

1. Defendant's plea is voluntary; knowing; not the result of force, threats or promise; and Defendant is fully competent.

2. Defendant is aware of the minimum and maximum punishment for the count to which Defendant pleaded guilty.

3. Defendant knows of and voluntarily waived Defendant's jury trial rights.

4. There is a factual basis for the plea.

5. Defendant is guilty of the crime to which Defendant pleaded guilty.

I explained that the Parties have fourteen (14) days from the filing of this Report and Recommendation to file any objections to my findings, and that if no objections are

made, then the district judge may accept Defendant's guilty plea by simply entering a written order doing so. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). *But see, United States v. Cortez-Hernandez*, 673 Fed. App'x 587, 590-91 (8th Cir. 2016) (per curiam) (suggesting that a Defendant may have the right to *de novo* review of a magistrate judge's recommendation to accept a plea of guilty even if no objection is filed). The district court judge will undertake a *de novo* review of the Report and Recommendation if a written request for such review is filed within fourteen (14) days after this Report and Recommendation is filed.

**DONE AND ENTERED** at Cedar Rapids, Iowa, this 4th day of January, 2022.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa